HEWARD *v.* THE STATE, 13 Smedes & Marshall, 261.

#### HOMICIDE.

The statute of limitations declares, that no person shall be prosecuted, etc., for any offense, wilful murder, arson, forgery, counterfeiting, and larceny excepted, unless the indictment, presentment, or information for the same be found within one year next after the offense shall be committed.   An indictment for murder includes an indictment for manslaughter, and the statute will apply precisely as though the prisoner had been indicted for manslaughter.

A motion in arrest must be made on the grounds of defects appearing on the face of the record; the fact that the offense was committed twelve months before the finding of the indictment is no ground for such motion.

An instruction that charges the jury that if the offense did not amount to murder, but only to manslaughter, and was committed more than a year before the finding of the indictment, they must acquit the defendant, is correct, and should be given.

Error to Carroll circuit court. ROGERS, J.
*J. M. Duffield* for plaintiff in error.
*D. C. Glenn*, attorney general.

VOL. I.—30.

PER CURIAM:

At the May term, 1849, of the circuit court of Carroll county, the prisoner was indicted for the murder of William T. Durham. The offense was charged in the indictment, as having been committed on the 22d of May, 1849, which was only two days before the finding of the indictment. The jury found the prisoner guilty of manslaughter in the third degree, and he thereupon moved in arrest of judgment, because the offense was committed twelve months before the finding of the indictment.

The statute of limitations declares that no person "shall be prosecuted, tried or punished for any offense, wilful murder, arson, forgery, counterfeiting and larceny excepted, unless the indictment, presentment or information for the same be found or exhibited within one year next after the offense shall be done or committed. Hutch. Code, 1004.[1] The form of the indictment being for murder, does not preclude the prisoner from the benefit of this statute. An indictment for murder embraces within itself an indictment for manslaughter, and the statute will apply precisely, as though the prisoner had been indicted for manslaughter alone.

But how is this objection to be brought up on a motion in arrest of judgment? Such a motion can only be sustained for matter apparent on the face of the record. If the offense be laid in the indictment more than twelve months before the time it is found, then perhaps, the objection might be reached by such a motion. The statute forbids prosecution, trial or punishment, and the court should not punish, if the defect appears upon the record. But it does not in this instance. The indictment lays the offense on the 22d of May, and it was found on the 24th of the same month. True, the bill of exceptions states, that it was in proof, that the offense was committed more than twelve months before the finding of the indictment; but

---

[1] The Revised Code of 1857, page 613, art. 247, provides that, "No person shall be prosecuted for any offense, murder, manslaughter, arson, forgery, counterfeiting, robbery, larceny and rape excepted, unless the prosecution for such offense shall be commenced within two years next after the commission thereof: *Provided,* That nothing herein contained shall be so construed, as to bar any prosecution against any person who shall abscond or flee from justice in this state, or shall absent himself from this state, or out of the jurisdiction of the court, or so conduct himself that he cannot be found by the officers of the law, or that process cannot be served upon him."

the bill of exceptions was taken to the overruling the motion; the fact did not otherwise appear of record. The error of the court, on such a motion as this, must be apparent from what existed on the record when the decision was made, and not from what was placed on it afterwards.

The most that we can do is to award a new trial, because the court refused to charge the jury, that if the offense did not amount to murder, but only to manslaughter, and was committed more than a year before the finding of the indictment, they must acquit the defendant. The charge requested propounds the law correctly, and should have been given.

The statute contains a proviso, that its provisions shall not extend to any one who has fled or absconded, to avoid a prosecution; but no question was raised on the exception. Perhaps it would have been incumbent on the state to bring up the exception, but in what manner this should be done we need not now decide.

Judgment reversed and cause remanded.